UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JULIE GREENBANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00239-SEB-MPB |
| | ) | |
| GREAT AMERICAN ASSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO PRESERVE EVIDENCE

Now before the Court is Defendant Great American Assurance Company's

("Great American") Motion to Preserve Evidence, filed on February 22, 2019 [Dkt. 15].

Specifically, Great American requests an order maintaining the status quo and requiring

the parties to preserve the life of the horse that is the subject matter of this case. For the

reasons detailed in this entry, we DENY Great American's motion.

## **Background**

On December 20, 2018, Plaintiff Julie Greenbank filed her Amended Complaint

alleging that Great American, insurer for Ms. Greenbank's horse, Thomas, breached its

contract with Ms. Greenbank and was liable for bad faith, theft, conversion, criminal

mischief, fraud, and negligence [*See generally* Dkt. 10]. Ms. Greenbank's legal claims

against Great American are grounded in allegations that Great American improperly took

possession and control of Thomas, rather than authorizing a necessary and humane

euthanization, so that Great American could avoid having to pay out benefits for a

1

mortality loss under the parties' insurance policy [*Id.*]. Ms. Greenbank argues that Great American has subjected Thomas to inhumane, controversial, and excessive medical procedures to keep him alive and avoid paying out on the policy [*Id.*].

Great American asserts that it took possession of Thomas pursuant to a policy provision that permitted it to assume control over Thomas's medical treatment at its expense [*See generally* Dkt. 11; Dkt 15-1, at 3-4]. Great American subsequently terminated the insurance policy for a multitude of reasons, most notably relevant here that Ms. Greenbank had neglected Thomas, causing his deteriorated state and giving rise to the need for Great American's intervention [*Id.*]. Great American claims that since it took possession and control of Thomas's care, Thomas has made a significant recovery and is now thriving [*Id.*]. Despite terminating its policy with Ms. Greenbank, Great American has maintained possession and control of Thomas [Am. Compl. ¶ 76; Dkt. 18, at 2; Dkt. 22, at 3-4].

Great American now requests an order maintaining the status quo whereby the parties must continue to preserve the life and well-being of Thomas [Dkt. 15]. Specifically, Great American requests that we order the preservation of Thomas by allowing continued treatment at Great American's chosen medical facility, where Thomas has been treated since being taken into Great American's possession, and at the appropriate time, allowing Thomas to be treated at Great American's chosen rehabilitation facility [*Id.* at 3]. Great American's request includes that the care will be at its sole expense.

## Legal Analysis

### I.     Standard

District courts have broad discretion in matters related to discovery. *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002). "A motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted." *Streeter v. SBC*, No. 1:04-CV-814-LJM-WTL, 2005 WL 8169093, at *2 (S.D. Ind. Mar. 10, 2005). Although the Seventh Circuit has not described the appropriate standard for deciding a motion for preservation, district courts in our Circuit have previously used the following standard to evaluate this request:

> The court will look at three factors in determining whether a preservation order is warranted . . . : 1) whether [Defendant] can demonstrate that [Plaintiff] will destroy necessary documentation without a preservation order; 2) whether [Defendant] will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order.

*Id.* (*quoting In re African-Am. Slave Descendants' Litig.*, MDL No. 1491, Lead Case No. 02C7764, 2003 WL 24085346, at *2 (July 15, 2003)); *see also McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-CV-06500, 2014 WL 1775685, at *2 (N.D. Ill. May 5, 2014).

### II.     Discussion

We note at the outset that the request before us is unlike most other motions to preserve evidence. Namely, the evidence at issue here is not presently at risk of destruction in the hands of its owner; rather, the defendant, who has not asserted any lawful rights to possess the disputed evidence, in fact currently controls and possesses the evidence it seeks to preserve and to maintain in its control and possession. The disputed evidence is not in the form of documentation or some other inanimate object, rather a

living horse whose continued physical well-being is paramount. Our analysis of whether to order preservation at this time proceeds with that in mind.

The first factor we examine in determining if a preservation order is appropriate is whether Great American can and has demonstrated that Ms. Greenbank will fail to preserve Thomas without an order. Great American is concerned that Ms. Greenbank will euthanize Thomas absent a court order prohibiting that action, given Ms. Greenbank's initial intention to do so at the outset of the parties' dispute [Dkt. 15-1, at 6-8]. Alternatively, Great American is concerned that Ms. Greenbank will fail to provide Thomas with the necessary veterinarian care he needs to maintain his good health for the duration of this litigation [*Id.*].

Second, we must determine whether Great American will suffer irreparable harm if the preservation order does not issue [*Id.* at 9-10]. Great America states that Thomas's condition will ultimately prove dispositive of many of the legal issues in this case, making his continued well-being highly relevant and his destruction irreparably harmful. It also notes that the stakes here are greater than in typical discovery disputes because Thomas's life and well-being are themselves directly at issue [*Id.*].

Finally, Great American asserts that Ms. Greenbank will suffer no harm from the issuance of a preservation order because she will simply be required to "comply[] with her previously agreed terms of the Policy" and thus also will not incur any costs resulting from the order [*Id.* at 10].

Ms. Greenbank responds not by addressing these factors, but by attacking the underlying basis of Great American's motion. Ms. Greenbank asserts that Great

American displays a lack of candor with the Court by failing to acknowledge that Great American terminated its insurance policy coverage for Thomas, making its current possession and control of Thomas unsupported by any contractual right [Dkt. 18, at 1-2]. Ms. Greenbank, therefore, asserts that Great American's requested order would "ratify[] its continued theft, conversion and deceit" [*Id.*].

Ms. Greenbank also maintains that a preservation order is unnecessary because Great American already is in possession of Thomas, extinguishing any possibility that Ms. Greenbank would have an opportunity to harm or destroy Thomas. Ms. Greenbank reiterates that Great American is simply seeking "judicial authorization" of its continued unauthorized control of Thomas [*Id.* at 2-3]. In Ms. Greenbank's words, Great American "has taken all action relating to Thomas at this point without a judicial order and provides no explanation why it suddenly needs a preservation order" [*Id.* at 3]. Accordingly, such an order would amount to an impermissible judicial advisory opinion [*Id.*]. Ms. Greenbank further argues that, in assuming ownership of Thomas, Great American has totally ignored Ms. Greenbank's legal rights in and to Thomas [*Id.* at 4-5].

Ms. Greenbank requests an award of attorney's fees on the grounds that Great American has acted in bad faith and vexatiously by filing a meritless request for preservation, in displaying a lack of candor with the Court, and in seeking an order to ratify its ultra vires possession of Thomas [*Id.* at 6].

Great American responds by noting that preservation of the evidence is necessary at this time because Ms. Greenbank has never stated that she is willing to preserve the life of Thomas. Given the "violent disagreement" that exists between the parties regarding

their contractual rights and duties, Great American's concerns are unabated. Ms. Greenbank has also ignored many material facts in alleging that Great American's arguments lack candor, such as, that: Ms. Greenbank previously intended to have Thomas euthanized; the disputed insurance policy permitted Great American's assumption of control over Thomas's medical treatment; and Ms. Greenbank has never requested the return of Thomas or requested the opportunity to have Thomas medically examined [Dkt. 22, at 1-3]. Ms. Greenbank's claim that Great American's continued possession is unauthorized is meritless because Ms. Greenbank has never requested Thomas's return, which allows Great American the right and duty to retain possession of Thomas [*Id.* at 3]. Great American seeks a court order addressing the proper care of Thomas going forward [*Id.* at 4]. Great American opposes Ms. Greenbank's request for costs and fees given her past failure to provide for Thomas, which shifted responsibility to Great American [*Id.* at 6].

Great American makes a compelling argument explaining the need for safeguarding Thomas's health and well-being, both in terms of human standards and in aid of a resolution of this litigation, but its request is troublesome on several legal grounds.

First, were the court to enter an order in line with Great American's request, it would clearly be an advisory opinion. Motions to preserve evidence are appropriate where one party fears that another party will not fulfill its duty of preserving relevant evidence. *See Streeter v. SBC*, 2005 WL 8169093, at *2. However, Great American does not harbor such a fear. If Ms. Greenbank currently possessed Thomas, Great American's

concern for Thomas's well-being and corresponding request for preservation might be more persuasive. But Ms. Greenbank does not currently possess or control Thomas. Furthermore, she has not objected to Great American's ongoing control and possession of Thomas during the pendency of this litigation. Since the commencement of this lawsuit, we know of no way in which Ms. Greenbank has interfered with Great American's decisions regarding the treatment of Thomas, must less acted to compel the euthanization of Thomas, nor has she filed any request with this Court seeking to acquire possession of Thomas during the pendency of this litigation.[1] As Great American has noted repeatedly, Ms. Greenbank's behavior indicates that she does not want to take possession of Thomas, at least not at this time.[2] Thus, there appears to be no need for judicial intervention. Simply put, unless Ms. Greenbank's legal position shifts, Great American's requested relief remains premature.

Under the multi-factored test previously applied by this Court, Great American's request fails. Great American has not shown that Thomas would not be preserved as evidence by Ms. Greenbank absent a court order because Ms. Greenbank has no present control over Thomas and poses no risk to his availability. Great American likewise is not at a risk of suffering an irreparable harm, nor does it face any other prejudice, without an

---

[1] Great American's alleged unauthorized control of Thomas, including its continued control after the termination of the policy, is a primary disputed issue in this case; however, Ms. Greenbank has not contested Great American continued care for Thomas pending a final resolution of the matter.

[2] Great American even asserts that Ms. Greenbank, when asked about the Motion to Preserve at a pre-trial conference, stated that Great American could keep Thomas.

order because it already has the relief it requests: Great American's veterinarians are providing care and treatment to Thomas, and Ms. Greenbank is not interfering with this.

Great American's request goes beyond the mere preservation of evidence by seeking to maintain possession of Thomas when it has established no lawful right to do so. Relying only on Ms. Greenbank's failure to request Thomas's return, Great American's motion lacks both legal and factual support. Its request to "maintain the status quo," as Great American phrases it, is more appropriate for a preliminary injunction, should the facts and circumstances of this dispute shift to provide entitlement to such relief. *See Praefke Auto Elec. & Battery Co. v. Tecumseh Prod.* Co., 255 F.3d 460, 464 (7th Cir. 2001) ("A preliminary injunction is often said to be designed to maintain the status quo pending completion of the litigation."). No such basis exists, however, for that relief at this point.[3]

### III.    Ms. Greenbank's Request for Costs and Fees

The Court's power to assess attorney's fees against a party for "bad faith conduct or conduct that abuses the judicial process" turns on a finding of some form of extreme conduct amounting to "abuse of the court and its process: (1) fraud on the court or similar action that causes the very temple of justice to be defiled, (2) engagement in a pattern of frivolous litigation, and (3) vexatious claims and contumacious conduct. *Secrease v. W. & S. Life Ins. Co.*, No. 1:15-CV-00742-SEB, 2015 WL 7096295, at *7 (S.D. Ind. Nov.

---

[3] The parties also dispute whether Great American relied on inadmissible hearsay in its request. Because we did not rely on this evidence in rendering our determination, we need not address the question at this time.

12, 2015) (*citing Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000)). None of these pertains here.

While we cannot provide Great American the relief it seeks in its motion, we do not believe it acted in bad faith in filing it. We do not find Great American's position wholly devoid of merit so as to warrant the imposition of costs and fees: Great American has not engaged in a pattern of frivolous behavior or acted in a willfully disobedient manner, nor has Ms. Greenbank presented us with reason to believe this motion was brought to harass her or that Great American knew its motion was worthless or fraudulent. Great American's desire to protect its evidentiary interest in Thomas was not unreasonable; however, its chosen vehicle did not provide a legally justifiable means to do so. "[A] weak case does not a frivolous case make." *Huffman v. Sharp*, No. 1:06-CV-266-DFH-TAB, 2008 WL 4584859, at *1 (S.D. Ind. Oct. 14, 2008) (*quoting Roger Whitmore's Auto. Servs., Inc. v. Lake Cty., Illinois*, 424 F.3d 659, 676 (7th Cir. 2005)).

## IV.    Conclusion

For the reasons stated herein, we DENY Defendant Great American Assurance Company's Motion to Preserve Evidence. No award of costs or fees in favor of Plaintiff Julie Greenbank shall issue.

Date: _____9/9/2019_____          _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

9

Distribution:

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Christopher S. Burnside
FROST BROWN TODD LLC
cburnside@fbtlaw.com

Justin S. Fowles
FROST BROWN TODD LLC
jfowles@fbtlaw.com

Christopher Glade Johnson
FROST BROWN TODD LLC
cjohnson@fbtlaw.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com