UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JULIE GREENBANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 3:18-cv-00239-SEB-MPB |
| | ) |
| GREAT AMERICAN ASSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This long-running litigation originated from Defendant Great American Assurance Company's ("Great American") refusal to pay insurance coverage benefits on its equine mortality policy with Plaintiff Julie Greenbank. On March 31, 2020, we granted in part and denied in part Great American's Motion for Summary Judgment and denied Ms. Greenbank's Cross-Motion for Partial Summary Judgment.[1]

---

[1] Our Summary Judgment Order granted Great American's motion with respect to Ms. Greenbank's breach of contract claim based on her allegation that Great American improperly denied mortality coverage. We denied Ms. Greenbank's parallel summary judgment motion on this same claim. We also granted summary judgment in favor of Great American on Ms. Greenbank's corresponding bad faith claim, her claims for statutory and tortuous conversion as they related to Great American's possession of the insured horse, and her theft claim. We denied, Great American's Motion for Summary Judgment with respect to Ms. Greenbank's claims for criminal mischief, fraud, and negligence on the grounds that the motion was underdeveloped as to each of those issues.  Three other breach of contract/bad faith and two other conversion claims remain as well.

1

As trial approaches, Great American has moved in limine for an order to restrict Ms. Greenbank from denying various material facts that were found as a result of our summary judgment determinations, either because they were undisputed or were admitted pursuant to our local rules or both.[2] During the August 4, 2020 final pre-trial conference with the attorneys conducted by the undersigned judge, counsel for Great American orally moved for an order pursuant to Federal Rule of Civil Procedure 56(g), which motion the court took under advisement pending the issuance of this written ruling. In a nutshell, regarding claims not resolved on summary judgment, Rule 56(g) authorizes the court to deem established any additional material facts that are not genuinely in dispute in the case.

As a preliminary matter, we can swiftly dismiss Ms. Greenbank's generalized contention that, despite the summary judgment determinations, there are *no* undisputed, material facts that should be deemed established at trial. Clearly, a number of the claims raised in this litigation and resolved on summary judgment were based on our determination that the underlying facts were material, were supported by competent, uncontroverted record evidence, and were not genuinely in dispute. That is the state of the evidence at this point with regard to the claims resolved on summary judgment; those uncontroverted facts material to our summary judgment rulings are not now disputable at trial. *See Cytomedix, Inc. v. Little Rock Foot Clinic, P.A.*, 2004 WL 1921070, at *4 (N.D.

---

[2] Our Local Rule 56-1(f) provides that "facts as claimed and supported by admissible evidence by the movant [at summary judgment] are admitted without controversy" unless "the non-movant specifically controverts the facts . . . with admissible evidence."

Ill. Aug. 4, 2004) (noting that a successful summary judgment movant establishes the "undisputed and admitted facts in [the] case"); *Hamlyn v. Rock Island Cty. Metro. Mass Transit Dist.*, 986 F. Supp. 1126, 1129 (C.D. Ill. 1997) (granting plaintiff's partial motion for summary judgment and finding that the facts underlying the court's ruling, which had not been properly disputed in accordance with local rules, were established for trial). We, therefore, overrule Ms. Greenbank's broadly framed objection to the motion in limine.

We turn next to Great American's list of settled facts which it characterizes as not genuinely in dispute as laid out in its motion in limine. Plaintiff has not indicated which, if any, of these facts do or do not remain in dispute.

Though Great American failed to secure summary judgment on a few lesser claims asserted against it by Ms. Greenback, as to those claims Great American now invokes Federal Rule of Civil Procedure 56(g) to request that any additional facts underlying them that are within the scope of the found facts or otherwise not genuinely in dispute also be deemed established for purposes of trial. Great American contends that judicial efficacy will best be served by establishing as settled at trial the facts underlying the undecided claims.

Rule 56(g) provides: "If the court does not grant all the relief requested by the [summary judgment] motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." When the court has determined that it could not grant all the relief requested by the motion, it may weigh the costs of eliminating certain factual disputes rather than allowing them to proceed to review at trial. *Id.* Rule 56(g) thus

empowers the district court in its discretion, following the entry of partial summary judgment, to treat any unrefuted and material facts as established for purposes of efficiently adjudicating the remaining issues. *See Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019) (noting that Rule 56 "operat[es] to salvage some results from the time and resources spent in deciding unsuccessful summary judgment motions."). This is the ostensible thrust of Great American's pending motion—to secure such factual determinations as to the unresolved claims.

    We agree with Great American that relitigating and rehashing settled and admitted facts, whether underlying the decided or the so far undecided issues, would serve to needlessly complicate and confuse and prolong the trial proceedings. Ms. Greenbank's factual obfuscations and unfounded legal theories in resisting this motion exacerbate our concerns. To date, she has not identified *which, if any, specific facts* outlined in Great American's motion in limine she contests as being unsettled and thus still in dispute following summary judgment. Nor has she explained how the facts listed in Great American's motion in limine differ from the facts already established by the Court as undisputed and material or differ from those underlying the unresolved claims.

    We acknowledge the caution contained in Rule 56(g)'s advisory committee notes as directed to the district court to "take care" to ensure that the use of Rule 56(g) "does not interfere" with a nonmovant's ability to accept facts "for purposes of the [summary judgment] motion only":

> A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated b the movant. This position should be available without

4

running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes.

There was no such limitation requested by Ms. Greenbank, however, during the summary judgment briefing process. To avoid the reach of Rule 56(g), Ms. Greenbank would have been required to qualify her admissions at summary judgment or differentiate between the facts found at summary judgment (which are binding at trial) and those underlying the unresolved claims for purposes of trial. Ms. Greenbank has not advanced any such explanation or limitation. Ms. Greenbank's own cross-motion for summary judgment was premised on her submissions of and reliance on uncontroverted material facts, which undermines any claim she may assert at this juncture that such found facts remain in dispute. We repeat: we have found no indication by Ms. Greenbank in her summary judgment briefing that she was admitting the underlying factual assertions only for purposes of summary judgment. The concerns expressed in the committee's notes accompanying Rule 56(g) are thus not relevant here. *Kreg Therapeutics*, 919 F.3d at 415. ("[Appellant] may have had the right to assume [facts], but it had no right to challenge the [facts] without evidentiary support. Summary judgment is no time for half-hearted advocacy."); *Ello v. Seven Peaks Mktg. Chicago*, *LLC,* No. 2L14-cv-299-TLS-JPK, 2019 WL 3956186, at *5 (N.D. Ind. Aug. 21, 2019).

## Conclusion

For these reasons, we **grant in part Great American's motion in limine [Dkt. 148] as well as its oral motion** to the extent that the undisputed and admitted material facts from summary judgment are deemed established for purposes of trial. In authorizing

5

factual findings as settled, we expressly do not include any inferences flowing therefrom.[3]

We defer a ruling as to the specific facts listed in Great American's motion in limine (attached hereto) as to whether they are established for trial until Ms. Greenbank has filed a response. No later than **twenty-one days** following the date of this Order, Ms. Greenbank is ordered to respond to *each* of the proposed facts presented in Great American's motion indicating whether she consents or objects to the stipulation thereof. As to any objections to facts to which Ms. Greenbank interposes alleging that it remains unresolved, she must identify with *specificity* the basis for her objection. For example, if she believes a fact that was uncontested at summary judgment "will be illuminated by the trial of related facts," she must state with specificity those "related facts" that potentially would cast doubt on the accuracy of the otherwise found/settled facts. Following the Court's receipt of Ms. Greenbank's objections, an Order identifying those facts to be treated as established at trial will issue

IT IS SO ORDERED.

Date:     8/11/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] For example, Great American asks the Court to find as a fact that Ms. Greenbank did not provide "immediate" notice of Thomas ailments to the insurer. It is undisputed that she waited two months. However, because Indiana law mandates that, absent a specific time provision, "immediate notice" in insurance contracts transmutes to "reasonable notice," this becomes an issue for the jury to resolve. *Oxford Fin. Grp., Ltd. v. Evans*, 795 N.E.2d 1135, 1144 (Ind. Ct. App. 2003) ("Indiana courts have found an implied 'reasonableness' time requirement when they have been called upon to define the word 'immediate' in a statute or contract.").

Distribution:

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Christopher S. Burnside
FROST BROWN TODD LLC
cburnside@fbtlaw.com

Kevin Nathaniel Fowler
FROST BROWN TODD LLC (Louisville)
nfowler@fbtlaw.com

Justin S. Fowles
FROST BROWN TODD LLC
jfowles@fbtlaw.com

Christopher Glade Johnson
FROST BROWN TODD LLC
cjohnson@fbtlaw.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com